GUARDIAN ASSURANCE CO., LTD., PETITIONER, v. LÓPEZ ACOSTA, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Guayama in an Action of. Debt (Proceeding for Approval of Statement of Case).

No. 168.—Decided December 12, 1916.

STATEMENT OF CASE—BILL OF EXCEPTIONS—EXTENSION OF TIME—NOTICE.—An order of a district court granting an appellant an extension of time of thirty days from the date of its notification in which to present the statement of the case and bill of exceptions is indefinite and void because there is no certain person charged with the duty of notifying the appellant, or any fixed time within which it is to be done.

ID.—ID.—ID.—In granting an extension of time for presenting a statement of the case or bill of exceptions, the judge may act ex parte and even out of court.

ATTORNEY—OFFICER OF COURT—NOTICE.—An attorney is an officer of the court and as such he is presumed to attend the court, it being his duty to take notice of the progress of his cases. An attorney has no right to depend upon the secretary or marshal out of court for information or notice regarding his cases.

APPEARANCE—NOTICE—EXCEPTIONS TO RULE.—The law gives great protection regarding the appearance of the parties before the court, but after they have once appeared it is the general rule that they are obliged to take notice of all subsequent proceedings; and it is not the duty of the secretary or the marshal to notify them of the orders entered. The only exceptions to the rule are those prescribed by Act No. 70 of March 9, 1911, and Act No. 33 (section 142 A of the Code of Civil Procedure) of March 11, 1915.

The facts are stated in the opinion.

*Mr. Manuel M. Ginorio* for the petitioner.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

On July 12th, according to petitioner, or on July 15th, according to a recital contained in an opinion set forth in the petition, petitioner, defendant-appellant in a suit entitled *Jesús María Ortiz* v. *Guardian Assurance Co., Ltd.*, moved for an extension of fifteen days, to run from the date of delivery of the stenographic record, within which to prepare a statement of the case.

The court, on July 15th, made the following order:

"An extension of time of thirty (30) days is granted to the peti-

tioner inasmuch as the extension requested is an indefinite one; the said thirty (30) days to run from to-day.''

On the same day the judge amended this order to read as follows:

''An extension of time of thirty (30) days is granted to the petitioner inasmuch as the extension requested is an indefinite one, the thirty (30) days granted to run from the date he is notified of this order.''

Notice of this order was given the attorney for defendant-appellant by the secretary of the district court on August 4th, and on September 2nd the judge undertook to grant a further extension of fifteen days, calculated to expire on September 19th.

On September 18th the statement of the case was filed and September 28th was set for the hearing.

On September 22d, the attorney for plaintiff having filed a motion to strike the bill of exceptions and statement of the case, the court canceled the order for a hearing on the statement of the case and set the motion to strike for a hearing on October 9th, and on October 13th ruled:

''That the order made on July 15, 1916, granting the extension as it was amended is null and void, the same having been made in excess of jurisdiction.

''That the extension granted on September 2d is null and void, inasmuch as it was made after the previous term had expired.

''That the statement of the case having been filed after the expiration of the term required by the law, the same cannot be approved.''

It also transpires that the petitioner, previous to August 4, 1916, was not informed of the making of the order of July 15, 1916, although on July 20th he wrote to the marshal and was told by that official that no order had been made in the case.

Upon this showing the petitioner asks this court to issue a writ of certiorari and upon the return thereof to hold that the district court erred in its ruling last above mentioned;

that the orders granting the so-called extensions of time were within the jurisdiction of the trial court, and that the bill of exceptions and statement of the case were filed within the period prescribed by law.

The second order of the court, made on July 15, 1916, was so indefinite as to bring the case within the principle enunciated in *Belaval* v. *Córdova*, 21 P. R. R. 509. It can make no difference that the time was to begin to run from the day of notification. It was not made the duty of any specific person to notify the appellant, nor was there any time limit placed on such duty. The secretary, by specific statutes (Laws 1911, No. 70, and Laws 1915, No. 33), is required to notify judgments to the losing side, and the decisions in which a motion to strike out, or a demurrer to any pleading, is sustained or overruled and the decision is not announced in the presence of the parties or their attorneys, but this duty is the exception that marks the rule. He owes no other duty of notifying orders to an appellant. The attorney in this regard is just as much an officer of the court as is the secretary. The said attorney is presumed to be in attendance on the court, and it is his duty to follow the course of his own cases. For example, if after the erroneous order of July 15 was passed the attorney had promptly come into court and asked that the order be again corrected to make the extension definite, the court might have had some power to grant the same. It is an erroneous notion that an attorney has a legal right to rely on a secretary or a marshal, outside of court, for information or notice with regard to his cases. Such reliance is a matter of private convenience, but not the legal right of an attorney.

The law throws great safeguards over the appearance of parties in court. But once a party voluntarily appears as a complainant, or is duly summoned as a defendant, he is generally bound to advise himself of all the subsequent proceedings. To require a notice of all proceedings by some officer would complicate the practice indefinitely. It is all

summed up by saying that the parties are conclusively presumed to be before the court and the only exceptions we recall are those made by the laws of March 9, 1911, and March 11, 1915, *supra*. And even then it may be questioned if an attorney could save himself by claiming a lack of actual notice.

There is another important consideration. When an attorney files a motion for an extension of time within which to file a bill of exceptions, or the like, he has no right to assume that the court will grant the motion or that while the court is considering the same the said attorney may suspend the work of preparing the bill of exceptions until the court acts. If the court refuses to grant an extension the appellant may be without remedy. Where an attorney desires an extension of this character, the best practice is to go to the court with an order prepared and have the court act immediately and within the statutory period. It is a matter in which the court can act *ex parte* and even away from the court-house.

If a case should be presented where an appellant asked for a reasonable, definite extension of time and the court granted him an indefinite one, there might, perhaps, be some way of aiding the appellant, at least in the court below; but in this case the appellant asked for an indefinite extension, finally obtained a somewhat different extension and made no effort in the court below to have the error corrected. This court cannot place the appellant in a position to perfect the record so left incomplete. There was in this case, as in the case of *Belaval* v. *Córdova*, an absolutely indefinite extension and hence the later extension was made without jurisdiction.

The writ should be denied.

*Petition denied.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.